UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAUL T. OLMSTEAD                           )
             Plaintiff,        )      No. 12-CV-133-JPH
                     )
v.                                         )      ORDER GRANTING DEFENDANT'S
                     )      MOTION FOR SUMMARY
CAROLYN W. COLVIN,[1]                      )      JUDGMENT AND DENYING
Commissioner of Social Security,           )      PLAINTIFF'S MOTION FOR
                     )      SUMMARY JUDGMENT
            Defendant.        )
                     )
                     )

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.15, 18.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Jeffrey R. McClain represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec.6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Paul T. Olmstead (plaintiff) protectively filed for supplemental security income (SSI) on June 26, 2009. (Tr. 21.) Plaintiff alleged an onset date of March 31, 2006. (Tr. 116.) Benefits were denied initially and on reconsideration. (Tr. 69, 74.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Caroline Siderius on September 2, 2010. (Tr. 38-66.) Plaintiff

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

was represented by counsel and testified at the hearing. (Tr. 40-60.) Vocational expert Thomas A. Polsin also testified. (Tr. 60-63.) The ALJ denied benefits (Tr. 21-31) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 44 years old at the time of the hearing. (Tr. 41.) He has a GED. (Tr. 41.) At the time of the hearing, he had been clean and sober for 19 months after a long history of off and on methamphetamine use. (Tr. 44.) He has work experience as a fast food worker, construction worker, and kitchen helper. (Tr. 60.) He had just begun vocational rehabilitation by attending community college for a degree in computer networking and web design. (Tr. 60.) He has diabetes, neuropathy, back problems and hepatitis C. (Tr. 45.) He has problems with his legs, feet and hands. (Tr. 47.) He gets stiffness in his joints. (Tr. 47.) He takes medication to help him sleep. (Tr. 48.) He gets occasional kidney and liver pains but does not have significant symptoms from hepatitis C. (Tr. 52.) He has lower back problems due to "many years of living hard and riding free and doing a lot of drugs, I guess." (Tr. 52.) He has problems with his wrists and his rotator cuff. (Tr. 53.) His ankles are stiff and he has numbness in his feet. (Tr. 55.) In 2007, he had sores on his feet and contracted MRSA. (Tr. 55.) He has numbness and soreness in the joints of both hands and has "big problems" using his hands. (Tr. 56-57.) He has some vessel damage in his left eye which is blurry all the time. (Tr. 59.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 26, 2009, the application date. (Tr. 23.) At step two, the ALJ found plaintiff has the following severe impairments: degenerative disk disease and diabetes with peripheral neuropathy of the feet. (Tr. 23.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 25.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform a wide range of sedentary work. The claimant would be able to perform work that would allow him the option to sit and/or stand at his discretion and that would not involve standing and/or walking for more than a total of 3 hours in an 8-hour workday; sitting for more than a total of 6 hours in an 8-hour workday; lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally; any climbing of ladders, ropes, or scaffolds; any balancing; any exposure to heavy equipment, moving machinery, or unprotected heights; any concentrated exposure to extreme cold, heat, wetness, or vibration; more than occasional stair or ramp climbing; or more than occasional stooping, kneeling, crouching, or crawling.

(Tr. 25.) At step four, the ALJ found plaintiff is unable to perform any past relevant work (Tr. 30.) After considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ determined there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. (Tr. 30.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from June 26, 2009, through the date of the decision. (Tr. 31.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the ALJ did not properly consider the opinions of treating and examining sources; and (2) the ALJ erred at step two. (ECF No.15 at 9-16.) Defendant argues: (1) the ALJ properly weighed the medical evidence; and (2) the step two determination does not provide a basis for remand. (ECF No. 18 at 4-12.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

**DISCUSSION**

**1.    Opinion Evidence**

Plaintiff argues the ALJ did not properly consider or reject plaintiff's treating source opinions. (ECF No. 15 at 11-13.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

The opinion of a treating or examining physician is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical

evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

### a.   Dr. Ristow

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Ristow. (ECF No. 15 at 11-12.) Dr. Ristow saw plaintiff one time in May 2007 and completed a DSHS Physical Evaluation form. (Tr. 206-09.) Dr. Ristow noted plaintiff had "very uncontrolled" diabetes as he had been out of medication. (Tr. 207.) He opined that nerve damage in plaintiff's hands made fine movement/dexterity difficult and poor vision would cause problems. (Tr. 207.) He concluded diabetic neuropathy caused a severe interference[2] with plaintiff's ability to perform the basic work-related activities of walking, lifting, handling and carrying; diabetic retinopathy created a marked, or "very significant," interference with the ability to see; and low back pain created a moderate, or "significant," interference with the ability to sit and stand. (Tr. 208.) Dr. Ristow indicated plaintiff is limited in the ability to balance, bend, climb, crouch, handle, kneel, pull, push, reach, sit and stoop. (Tr. 208.) He opined that plaintiff's overall work level is sedentary, meaning the ability to lift 10 pounds maximum and lesser amounts frequently. (Tr. 208.) Dr. Ristow concluded employability would be improved by controlling blood sugar, which would improve vision and nerve damage. (Tr. 209.)

The ALJ largely accepted Dr. Ristow's opinion as the RFC is limited to a wide range of sedentary work with additional limitations on the ability to climb, balance, stoop, kneel, crouch, crawl, and sit. (Tr. 25.) However, the ALJ rejected Dr. Ristow's opinion that plaintiff's ability to lift is limited to 10 pounds maximum and the ability to frequently lift and carry is limited to such articles as files and small tools, and that plaintiff is limited in his ability to handle, pull and reach.[3] (Tr. 28.) The ALJ rejected Dr. Ristow's opinion regarding lifting, carrying, handling, pulling and reaching because there is no evidence in the record supporting those limitations other than plaintiff's subjective complaints. (Tr. 28.) A physician's

---

[2]The term "severe" is defined as the inability to perform one or more basic work-related activities on the DSHS Physical Evaluation form. (Tr. 208.)

[3]The ALJ observed that Dr. Ristow noted plaintiff's ability to work should be re-evaluated after three months of restarting diabetes medication. (Tr. 28, 209.)

opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9ᵗʰ Cir. 1999); *Fair*, 885 F.2d at 604. The ALJ found plaintiff is not credible and plaintiff does not challenge that finding. (Tr. 26-28.) Dr. Ristow's conclusions appear to be largely based on plaintiff's own complaints as no objective tests or studies are noted. (Tr. 207.) Thus, the ALJ reasonably concluded there is not sufficient evidence to support the very limiting conclusion that plaintiff is unable to push, pull or reach or is unable to lift and carry 10 pounds frequently and 20 pounds occasionally. (Tr. 207.)

Plaintiff argues Dr. Ristow found nerve damage in plaintiff's hands (ECF No. 15 at 11, Tr. 207), suggesting something more than plaintiff's statements support Dr. Ristow's findings. However, Dr. Ristow's exam notes mention only "fine sensation absent in fingers." (Tr. 207.) Because Dr. Ristow's notes are limited, it is not clear whether or he performed any testing or relied on plaintiff's complaints as the basis for this conclusion. When medical reports are inconclusive, questions of credibility and resolution of conflicts are the function of the Commissioner. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir.1999) The ALJ reasonably determined Dr. Ristow relied on plaintiff's less than credible statements as the basis for his conclusion. Therefore, the ALJ did not err in rejecting Dr. Ristow's opinion regarding upper extremity limitations.

Plaintiff also points to DSHS Physical Evaluations completed by William Lawson, PA-C and Deborah Rogers, ARNP as evidence supporting Dr. Ristow's limitations. (ECF No. 15 at 11.) As discussed *infra*, the ALJ properly rejected portions of Mr. Lawson's and Ms. Roger's opinions.

Additionally, plaintiff cites a vocational evaluation completed by Robert Cornell in August 2010 as evidence supporting Dr. Ristow's opinion. (ECF No. 15 at 11-12, Tr. 326-29.) Mr. Cornell performed dexterity testing and concluded plaintiff could not perform past work or any other job given test results and the limitations identified by Mr. Lawson in 2008. (Tr. 329.) The ALJ rejected Mr. Cornell's conclusions because plaintiff rarely reported complaints of upper extremity neuropathy to medical providers; his health care providers did not examine him for upper extremity neuropathy and there is no objective evidence of upper extremity limitations; and the limitations mentioned by Mr. Cornell were based on limitations identified by Mr. Lawson whose opinion the ALJ in part rejected. (Tr. 29.) These reasons are all germane to Mr. Cornell and are supported by substantial evidence. Furthermore, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

vocational expert testified that the dexterity manipulation limitations identified by Mr. Cornell based on his test results would not preclude plaintiff from all work. (Tr. 64.) Even if the ALJ erred in rejecting Mr. Cornell's conclusions, the error would be harmless. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

Based on the foregoing, the ALJ's finding that Dr. Ristow's conclusions about plaintiff's upper body limitations are supported only by plaintiff's statements which are not credible constitutes a specific, legitimate reasons supported by substantial evidence. The additional evidence cited by plaintiff in support of upper body limitations was also properly rejected by the ALJ. Thus, the ALJ did not err in rejecting a portion of Dr. Ristow's opinion.

**b.    William Lawson, PA-C**

Mr. Lawson completed a DSHS Physical Evaluation form in August 2008. (Tr. 193-96.) He indicated plaintiff's agility and mobility are decreased by painful peripheral neuropathy with hypesthesia and poor balance. (Tr. 194.) He concluded plaintiff's insulin dependent diabetes with peripheral neuropathy causes a marked to severe interference with plaintiff's ability to stand, walk, lift, handle, and carry. (Tr. 195.) He also assessed limitations on plaintiff's ability to balance, climb, handle, pull, and push. (Tr. 195.) Mr. Lawson opined plaintiff's work level is sedentary to severely limited. (Tr. 195.)

The ALJ rejected a portion of Mr. Lawson's opinion, noting there is no evidence in the record supporting Mr. Lawson's assessment of a severely limited work level, meaning plaintiff is unable to stand and/or walk, lift at least two pounds or is limited in his ability to handle, pull and push. (Tr. 28.) A medical opinion may be rejected if it is unsupported by medical findings. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ pointed out plaintiff's complaints of back pain and upper extremity pain were intermittent and there are no objective findings substantiating these complaints. (Tr. 28.) Indeed, Mr. Lawson specifically noted, "degree of loss of sensation in hands & feet as well as severity of neuropathic pain are derived from oral history" and indicated no diagnostic test results exist to support the findings. (Tr. 194.) The ALJ's reason for rejecting the most extreme range of Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

1  Lawson's opinion and the upper extremity limitations is germane to the opinion and supported by

2  substantial evidence.

3        Plaintiff argues additional weight should have been accorded to Mr. Lawson as though his

4  opinion is that of an "acceptable medical source" rather than an "other source." Plaintiff cites *Gomez*

5  *v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) in support of the proposition that since Mr. Lawson

6  presumably worked with in conjunction with physicians because he worked at a medical clinic. (ECF

7  no. 15 at 13.) First, the subsection of the regulation which was the basis of the *Gomez* finding was

8  deleted by amendment in 2000. 65 Fed. Reg. 34950, 34952 (June 1, 2000). Under current regulations,

9  physician assistants qualify only as an "other source" to be considered. 20 C.F.R. §§ 404.1513(d),

10  416.913(d). Second, *Gomez* involved the opinion of a nurse practitioner, not a physician assistant. *See*

11  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011)*.* Third, there is no

12  evidence in the record indicating or suggesting Mr. Lawson was working with an interdisciplinary

13  team or even working closely with a physician regarding plaintiff's care. In *Gomez*, there was

14  evidence the nurse practitioner consulted with a physician and was closely supervised by the

15  physician. *Gomez* does not apply and the ALJ properly considered Mr. Lawson's opinion as that of an

16  "other source" and appropriately weighed and rejected portions of the opinion.

17        **c.     Deborah Rogers, ARNP**

18         Plaintiff suggests the ALJ improperly rejected Ms. Rogers' June 2009 opinion. (ECF No. 15 at

19  13.) Ms. Rogers completed DSHS Physical Evaluation form and noted complaints of diabetes, neuropathy

20  in feet and hands, hepatitis C, blurred vision, problems with right rotator cuff and lower back. (Tr. 221-

21  24.) She found work-related activities of standing, walking, lifting, handling, carrying and seeing were

22  markedly affected[4] by plaintiff's diabetes and neuropathy. (Tr. 223.) She also indicated a restriction on

23  crouching due to feet and lower extremity problems. (Tr. 223.) Ms. Rogers opined plaintiff is limited to

24  sedentary work which includes the ability to lift 10 pounds maximum. (Tr. 223.)

25        The ALJ rejected the opinion to the extent it indicated plaintiff is unable to lift more than a

26  maximum of 10 pounds. (Tr. 28-29.) The ALJ pointed out nothing in the record establishes plaintiff is

27  _____

28        [4]The form defines a marked limitation as "very significant interference with the ability to perform one or more basic work activities."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

Case 2:12-cv-00133-JPH   Document 21   Filed 07/31/13


unable to lift more than 10 pounds. (Tr. 29.) An ALJ may discredit treating physicians' opinions that are

unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec.*

*Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). As noted *supra*, the evidence relied upon by plaintiff to

support upper extremity limitations has been properly rejected by the ALJ. Much of that evidence is based

on plaintiff's own less than credible statements and there are no objective findings supporting the

allegations of upper extremity limitations. Plaintiff's argument regarding Ms. Rogers' opinion is

undeveloped, vague and without citation to authority or the record. (ECF No. 15 at 13.) As a result, the

court concludes the ALJ's finding regarding Ms. Rogers' opinion is germane to the opinion and supported

by substantial evidence.

**2.     Step Two**

Plaintiff argues the ALJ erred in determining plaintiff's impairment at step two. (ECF No. 15 at

14-15.) It is first noted that plaintiff fails to cite a single legal authority supporting his position or

establishing a legal basis for his argument.[5] The Federal Rules of Appellate Procedure require the opening

brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and

parts of the record on which the appellant relies." Fed. R.App. P. 28(a)(9)(A). Plaintiff's briefing on this

issue falls short of the foundation required to establish the step two argument and the court is inclined

to reject the argument based on inadequate briefing. *See Carmickle v. Commissioner, Soc. Sec. Admin.*,

533 F.3d 1155, 1161 (9th Cir. 2008); *Rattlesnake Coalition v. United States EPA*, 509 F.3d 1095 (9th Cir.

2007); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)*; Independent Towers of*

*Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). In the interest of fairness and giving the benefit of the

doubt to plaintiff, the court considers the step two argument notwithstanding the inadequate briefing.

At step two of the sequential process, the ALJ must determine whether plaintiff suffers from a

"severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic

---

[5]Indeed, except for a few general cases cited in the first two paragraphs of argument, plaintiff cites a total of two cases in arguing the ALJ committed two major errors. (ECF No. 15 at 9-15.) One of the cases cited was for an argument based on an out-of-date regulation. While the number of cases cited does not necessarily correlate to the quality or success of an argument, the court observes the paucity of citations in this case does not meet a minimum recitation of the law necessary to establish the basic elements of the argument and further does not reflect any particular attention or thoughtfulness on behalf of the plaintiff in presenting his argument to the court.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

At step two, the ALJ found plaintiff alleged neuropathy in his hands, but observed there is no objective evidence supporting the claim. (Tr. 24.) The ALJ also pointed out plaintiff has not made ongoing complaints of neuropathy in the hands to his health care providers. (Tr. 24.) Thus, the ALJ concluded the neuropathy in plaintiff's hands does not pose more than a minimal limitation on his ability to perform basic work-related activities and, accordingly, does not constitute a severe impairment. (Tr. 24.) Plaintiff asserts this finding is erroneous and cites Dr. Ristow's evaluation, Mr. Lawson's findings, Ms. Rogers' findings and Mr. Cornell's report, all of which were properly rejected by the ALJ for reasons cited *supra*. (ECF No. 15 at 14.) Plaintiff also cites two records generated by Julia Einhardt ARNP. (ECF No. 15 at 14, Tr. 281, 295-97.) On November 3, 2009, Ms. Einhardt noted plaintiff had reported he had been taking neurontin "and cannot say whether it helps much with his neuropathy in his hands and feet."

(Tr. 281.) In December 2009, Ms. Einhardt noted "per plaintiff's report" that he had diabetic neuropathy with numbness and tingling in both hands and feet. (Tr. 295, 297.) Plaintiff reported he could feel pressure but not texture and that he continues to have pain in his feet and hands. (Tr. 295.) Plaintiff implies but does not actually argue that this evidence reflects more than a minimal limitation on plaintiff's ability to perform work-related activities.

This argument fails for several reasons. First, most of plaintiff's reports of neuropathy in his hands have been sporadic and have occurred mostly during evaluations conducted for the purpose of establishing benefits. (Tr. 24, 27.) Second, plaintiff was found to be less than fully credible by the ALJ and plaintiff has not challenged that finding. (Tr. 26-28.) Third, plaintiff has failed to point to a single instance of objective verification of plaintiff's complaints with regard to his hands. Based on the foregoing, the ALJ did not err at step two.

Further, despite concluding neuropathy of the hands is not a severe impairment, the ALJ continued to consider the allegation throughout the decision and in making the RFC determination. (Tr. 25-30.) Lastly, as noted by defendant, the vocational expert testified that even with the manipulative limitations identified in Mr. Cornell's vocational assessment, there is work available in significant numbers in the national economy that plaintiff can perform. (Tr. 64.) Therefore, even if the ALJ did err at step two, any error would be harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED.**

2.      Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED July 31, 2013

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14